

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann

XXXXXXXXXXXXXX

ATTORNEY GENERAL

Hon. Reginald Bracewell
District Attorney
Smither Building
Huntsville, Texas

Dear Sir:

Opinion No. O-1620
Re: Authority of county attorney to hire a stenographer.

This will acknowledge receipt of your letter of October 21, 1939, in which you submit for an opinion of this department the questions:

"1. Do the above mentioned statutes, or for that matter any others, authorize the County Attorney to pay the salary of a stenographer and office helper out of the fees collected by the County Attorney, and to charge same against, and deduct same from, the fees and compensation collected by him in order to determine whether or not he has received the maximum compensation allowed him under Art. 3883, and to ascertain whether or not there are any excess fees for which he must account to the County.

"2. If the county attorney is authorized by law to employ and pay a stenographer and office helper in the manner above stated, then state whether or not he would be authorized to take credit for the salary paid such stenographer and office helper in his annual report as required by Art. 3897, unless he has made the monthly report required by, and in all things complied with, Art. 3899, specifically covering the various items of his expenditures for office expenses."

We are assuming, for the purpose of this opinion, that your expression "stenographer and office helper" as used in the above quoted questions, refers to one person

and not to two individuals.

You advised that Walker County is one of less than twenty-five thousand (25,000) inhabitants according to the last Federal Census. We have determined that its officers are compensated upon a fee basis.

Subdivision (a) of Article 3899, Revised Civil Statutes of Texas, as amended by Acts of 1937, 45th Legislature, First Called Session, reads in part:

"(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses...."

Articles 3883-3899, inclusive, of the Revised Civil Statutes of Texas, 1925, pertain to the compensation of various county and district officers. Within these articles is found statutory authority for county and district attorneys of counties within the higher population brackets to hire stenographers. Article 331a of the Revised Civil Statutes likewise provides for the hiring of a stenographer in certain counties. We fail to find within these articles any such authority for a county attorney of a county such as Walker to hire a stenographer.

Article 3902, Revised Civil Statutes of Texas, provides for deputies, assistants and clerks for district, county and precinct officers. Such article reads in part:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for

authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office...."

The questions submitted by you must necessarily rest upon the proposition of whether or not a stenographer comes within the classification of deputies, assistants or clerks.

Referring again to Article 3899, supra, we note that the language of subdivision (a) thereof is essentially the same as Article 3897 of the Revised Civil Statutes of 1911 as amended by Acts of 1923, which was construed by the Texarkana Court of Civil Appeals in the case of Casey vs. State, 389 SW 428, as not including stenographic help in its allowance of "actual and necessary expenses" to the office holder incurred by him in the conduct of his office. The court applies the rule of construction "ejusdem generis" which would likewise apply in the present statute inasmuch as the present statute sets out the allowable office expenses particularly, in like manner, as the statute construed in the above mentioned case, fixing the grade and character of such as not including stenographic help.

The term "assistants", as applies to the office of county attorney manifestly would not include a stenographer

as will be seen from a reading of Article 331, Revised Civil Statutes, 1925, wherein an assistant county attorney, among other things, is given the same power, authority and qualification as the county attorney, and furthermore, is required to take the official oath of office.

It would also appear clear that the term "deputy" would not include a stenographer. We quote from the opinion of the court in the case of Maill vs. State, 129 SW 630:

"The word 'assistant' is more comprehensive than the word 'deputy', including those who aid, whether sworn or not sworn, while 'deputy' implies only the sworn class....

"The word 'assistant' is universally defined as one who aids, helps, or assists, while the word 'deputy' is defined to be a person appointed to act for another, a substitute, a delegate, an agent.... While a deputy has a more enlarged meaning, and may do anything that his principal can do.... but a deputy, by the very act and authority which constitutes him such, had power to do any act which his principal may do...."

We now consider if the term 'clerk' would include a stenographer. We are unable to find any cases in Texas construing this proposition. In Words & Phrases, Vol. 2, page 1225, we find the following:

"'Clerk' as used in the Constitution, Article 5, § 24, providing that there shall be no allowance for clerk hire in the office of Attorney General..... does not include a deputy or assistant, or a stenographer. In re appropriation for deputy state auditor, 41 SW 643, 654." (underscoring ours)

Bouvier's Law Dictionary, Vol. 3, page 3136, has the following definition:

"Stenographer. One who writes in shorthand by using abbreviations or characters for words. He does not come within the common law definition of the word 'clerk'. In re Appropriation for Deputies, 41 SW 643."

In view of the fact that the Legislature has seen fit to provide stenographic assistance to county attorneys in counties within certain population brackets and has failed to so provide for counties within the brackets in which Walker County falls, we cannot imply a legislative intent that the term "deputies, assistants or clerks" as used in Article 3902, supra, are sufficiently broad to include a stenographer.

It is a well settled principle of law that the commissioners' court does not have any authority except that specially conferred by the courts and the statutes. Finding no such authority within the commissioners' court of Walker County, we are constrained to hold that they are without authority to authorize the hiring of a stenographer for the county attorney. In view of such holding, the specific questions submitted by you must necessarily be answered in the negative.

We do not here pass upon the question of whether or not a clerk can be hired by the county attorney of Walker County as such question is not before us. Whether or not an "office helper" is a clerk would depend upon the kind and character of duties performed by the individual.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong  (s)
                Lloyd Armstrong
                    Assistant

APPROVED Dec. 13, 1939
Gerald C. Mann  (s)
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee
By BWB (s)
    Chairman

LA:awgwah